## ORSCHEIN v. UNITED STATES (JAMISON, third-party defendant).

### No. 5287.

United States District Court
W. D. Missouri, W. D.

July 29, 1949.

Raymond E. Martin, W. Raleigh Gough, Kansas City, Mo., for plaintiff.

Sam M. Wear, Kansas City, Mo., for defendant U.S.A.

Robert A. McIlrath, Flat River, Missouri, for defendant William Edgar Jamison.

REEVES, Chief Judge.

This is an action on a National Life Insurance policy issued to one Curtis Jamison. The policy was authorized upon the application of the soldier approximately April 1, 1942. The amount of the insurance was $5,000. At the time of its issuance the soldier was single, and his father, William Edgar Jamison, Leadwood, Missouri, was named as the beneficiary, with the further provision that the benefits upon a contingency named should be made payable to the stepmother of the soldier. On December, 18, 1943, the said Curtis Jamison, the soldier, married the plaintiff, and on March 18, 1945, he addressed a letter to the Veteran's Administration, as follows: "Please note change of status from single to married and beneficiary from Bessie Jamison to my wife, Ruth Jamison."

Receipt of the letter was acknowledged by the Veteran's Administration, but no further action was taken, and the soldier died on May 4, 1946, a little more than one year after the letter addressed to the Veteran's Administration directing a change of beneficiary.

After the death of the soldier, on May 4, 1946, as stated, the plaintiff interposed a claim for the benefits promised and instituted a suit on August 25, 1948. After service of process upon proper authorities of the government the defendant filed its application for an order joining or bringing in an additional party defendant. It asked that William Edgar Jamison, who was designated originally as a beneficiary by the soldier, be made a party so that an adjudication might be had as to who should recover the benefits promised.

The government acknowledged its liability under the policy and merely asked that there be an adjudication between claimants so that payment might be made to the rightful claimant. William Edgar Jamison was impleaded as a third party defendant and has filed a pleading claiming the benefits promised under the policy.

Upon the issues thus made up the case was tried. Several witnesses testified on behalf of the plaintiff that in their conversations with the decedent (the assured) he expressed his solicitude for his wife and child and his desire that the benefits of the insurance be paid to his wife. In fact it was the testimony of such witnesses that

the assured said he had changed the beneficiary from that originally named in the policy to his wife, and that he expressed his confidence that the money, upon his death, would be paid to his wife. It was his belief that the change of beneficiary had been effected and that the benefits would be payable to his wife in accordance with his letter dated March 18, 1945.

From the evidence, the government took no action on the request for change of beneficiary save to send the assured blanks. Witnesses on behalf of the third party defendant testified concerning conversations with the assured and that he had expressed himself as entirely satisfied with the designation of his father as beneficiary and understood that the benefits would be paid to him. Some of these conversations occurred prior to the letter of March 18, 1945.

A decision of the case depends upon a proper determination of the factual issue raised by these adverse witnesses.

■ 1. By paragraph (g) of Section 802 Title 38 U.S.C.A. it is there provided who may be designated as beneficiaries. The language of the statute is, that: "(g) The insurance shall be payable only to a widow * * * or * * * parent * * of the insured."

It is to be noticed, therefore, that it was within the right of the soldier to designate either his wife or his father as a beneficiary. However, the statute provided further: "The insured shall have the right to designate the beneficiary * * * of the insurance * * * and shall, subject to regulations, at all times have the right to change the beneficiary * * * of such insurance without the consent of such beneficiary * * * but only within the classes herein provided."

It will be noted from the foregoing that the beneficiary under a policy of this kind only has an expectancy and not a vested interest. It appeared from the evidence that no policy was in fact ever issued and there was no evidence with respect to regulations requiring any formal proceeding to effectuate the change of beneficiary. So far as the record shows, the soldier had a right to change the beneficiary in the precise manner followed by him in his letter of March 18, 1945. Concerning such an effort, it was held in the case of Collins **v.** United States, 10 Cir., 161 F.2d 64, loc. cit. 69: "Attempts by an insured to change the beneficiary will be liberally construed if the intent to effect the change is clear and reasonable steps are taken by the insured to bring about such a change. In such a case, technicalities will not be permitted to thwart the express desire of the insured, *and a court of equity will treat as done that which ought to be done. If this is so in ordinary commercial insurance, it should be even more so in a case like this.*" (Italics mine.)

While this is not an equitable proceeding, yet the letter of March 18, 1945 appears to be legally sufficient to effectuate the change.

In the case of Gann v. Meek, 165 F.2d 857, loc. cit. 859, the Court of Appeals, 5th Circuit, in a somewhat similar case, said: "It is well settled that mere intention alone, no matter how strong, is not sufficient to effect a change of beneficiaries in an insurance policy. But where, as here, abundant evidence is introduced to show that the insured soldier has done all he reasonably could to comply with the change provisions of the policy, justice requires that we invoke equitable rules in order to give effect to a plainly manifest intent."

And, again, on the same page, the court said: "Collins v. United States, 10 Cir., 161 F.2d 64, bears us out in the holding that literal compliance with the provisions of an insurance policy similar to the one in question is never absolutely necessary."

Applying equitable principles, as should be done in this case, it is obvious that it was the intention of the insured soldier to change the beneficiary to that of his wife. His letter of March 18, 1945, to the Veteran's Administration could have no other meaning. It would be illogical to say that he meant only to designate his wife as a contingent beneficiary in lieu of his stepmother. His language was: "Please note change of status from single to married, and beneficiary from Bessie Jamison to my

wife, Ruth Jamison." Ruth Jamison was the natural object of his affection and solicitude. It was his duty to make provision for her. His father was not in distress but was physically able and competent and no reason appeared why he should favor his father as beneficiary. Moreover, the witnesses who testified for the plaintiff were in a far better position to judge the purposes and intentions of the insured soldier concerning this policy and his wishes. Even if the testimony should be evenly balanced between the witnesses for the plaintiff and the witnesses for the third party defendant, the letter of March 18, 1945 should be decisive of the issue.

■ 2. Counsel for the third party defendant have made a legal issue of the competency of the plaintiff. Under Section 1887, R.S.Mo.1939, Mo.R.S.A., it is there provided, "that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, * * *."

It is sufficient to say in this case that the deceased soldier is not a party to the contract or cause of action in issue and on trial. The cause of action is between the plaintiff and the United States, or the third party defendant. The government does not controvert its liability. The issue, therefore, is between the plaintiff and the third party defendant as to which one is entitled to the benefits of the deceased soldier's insurance. Both are alive and both are competent to testify. Neither is disqualified by said section 1887. But, even without the testimony of the plaintiff, the letter from the deceased soldier dated March 18, 1945, to the Veteran's Administration, together with the testimony of many disinterested witnesses would confirm the right of the plaintiff to recover.

It follows that judgment should be for the plaintiff. Since a provision should be made in the judgment for compensation to counsel, attorneys for the plaintiff will prepare an appropriate journal entry.